IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

EMMA HILLIARD,

    Petitioner,

v.                                                                                                                                 No. 1:16-cv-01192-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is the pro se motion of Petitioner, Emma Hilliard, to vacate, set aside, or correct her sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.).[1] For the reasons that follow, the Petition is DENIED

BACKGROUND

In October 2010, Hilliard pleaded guilty in the United States District Court for the Western District of Tennessee to conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841 and 846. (*United States v. Hilliard*, No. 1:10-cr-10033-JDB-1 ("No. 10-cr-10033"), D.E. 27.) Prior to sentencing, the United States Probation Office submitted a presentence report ("PSR") setting forth the calculation of the advisory sentencing range under the United States Sentencing Commission Guidelines Manual ("Guidelines" or "U.S.S.G."). (PSR at 5-6.) An adjusted offense level of twenty was assigned, which was increased to thirty-two under the

---

[1]Record citations are to documents filed in the instant case unless otherwise noted.

career offender provision, U.S.S.G. § 4B1.1. (*Id.* at ¶¶ 33-34.) The enhancement was based on Hilliard's three Tennessee drug offenses. (*Id.* at ¶¶ 46-47, 49.) A three-point reduction for acceptance of responsibility was applied. (*Id.* at ¶ 35.) Based on a total offense level of twenty-nine and a criminal history category of VI, the guideline imprisonment range was calculated to be 151-188 months. (*Id.* at ¶ 78.) The Court imposed a sentence of 151 months of incarceration and three years of supervised release. (No. 10-cr-10033, D.E. 45.)

The inmate subsequently filed the Petition, challenging her sentence based on the United States Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness. *See Johnson*, 135 S. Ct. at 2557. She insists that *Johnson* renders unconstitutional her designation as a career offender under the Guidelines. The argument fails.

Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who "has three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." *Johnson*, 135 S. Ct. at 2555-56.

In *Johnson*, the Supreme Court held that the ACCA's residual clause is unconstitutionally void for vagueness. *Id.* at 2257. Therefore, an enhanced sentence under that clause violates due process as guaranteed by the Fifth Amendment. *Id.* at 2556-57.

The Petitioner is not entitled to relief under *Johnson*. On March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines' career offender provisions. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Therein, the Court explained that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* "[T]he Guidelines," therefore, "are not subject to a vagueness challenge under the Due Process Clause." *Id.*

As the inmate's sole claim is without merit, the Petition is DENIED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

3

debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file her motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[2]

IT IS SO ORDERED this 6th day of May 2019.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, she must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.